IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL GARZA and ELIZABETH GARZA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:11-CV-01919-M (BF) |
| EMC MORTGAGE AND JPMORGAN CHASE BANK, N.A., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. On August 5, 2011, EMC Mortgage LLC, formerly known as EMC Mortgage Corporation and improperly sued as EMC Mortgage, and JPMorgan Chase Bank, N.A. ("Defendants") filed a Notice of Removal from the 160th Judicial District Court of Dallas County, Texas (doc. 1). On August 23, 2011, Manuel Garza and Elizabeth Garza ("Plaintiffs") filed a Motion to Remand (doc. 13). On September 12, 2011, Defendants filed their response (doc. 15). Plaintiffs filed a reply on September 21, 2011 (doc. 17). For the following reasons, the Court hereby recommends that Plaintiffs' Motion to Remand be GRANTED.

**Background**

Plaintiffs filed this lawsuit in the 160th Judicial District Court of Dallas County, Texas on July 11, 2011 against Defendants. (Defs.' Rem. Not. at ¶¶ 1-2.) Plaintiffs alleged causes of action of breach of contract and violations of the Texas Debt Collection Act and the Deceptive Trade Practices Act. (Pls.' Orig. Pet. at 5-6.) In their breach of contract claim, Plaintiffs stated that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by not accurately calculating

Plaintiffs' loan payments.[1]  (*Id.*)

Defendants are a loan servicing company that services Plaintiffs' mortgage loan. In their Original Petition, Plaintiffs complained of Defendants' misconduct in servicing their loan, which originated in August 2004 as an Adjustable Rate Mortgage Loan. (*Id.* at 5.) On August 29, 2010, Plaintiffs applied for a loan modification program through Defendants. (*Id.* at 3.) Plaintiffs' employment information changed on November 30, 2010, and thus Plaintiffs had to re-apply for the loan modification program with their new employment information. (*Id.*) Plaintiffs provided this new information to Defendants on December 20, 2010 and January 17, 2011. (*Id.*) On January 31, 2011, Defendants denied Plaintiffs' request for a loan modification. (*Id.*) Plaintiffs disputed this denial on February 16, 2011, while simultaneously entering into a payment agreement with Defendants due to Defendants' threat of foreclosure on Plaintiffs' property. (*Id.* at 3-4.) Notwithstanding the new payment agreement, Defendants subsequently commenced foreclosure proceedings on Plaintiffs' property. (*Id.* at 4.) Plaintiffs contend that on March 29, 2011 they disputed the amount of the debt and requested proof of the debt claimed by Defendants. (*Id.*) Plaintiffs stated that Defendants failed to provide proof and validate the debt. (*Id.*)

In their Complaint, Plaintiffs also alleged that they disputed the legal fees that were incurred by Defendants in commencing the foreclosure proceedings. Plaintiffs argued that Defendants cancelled the foreclosure on their property but never removed the legal fees from their mortgage account. (*Id.* at 4.) On March 25, 2011 and April 12, 2011, Defendants requested that Plaintiffs send them additional information so they could review their loan modification request. (*Id.* at 5.) Plaintiffs contend they submitted the requested information on April 11, 2011 and April 29, 2011

---

[1] In their Original Petition, Plaintiffs did not allege a separate cause of action under the FDCPA.

and never heard back from Defendants. (*Id.*) Plaintiffs also stated in their Complaint that they have repeatedly requested Defendants to send them a detailed payment history of their mortgage account, but Defendants have refused to do so. (*Id.*)

Defendants removed the case to this Court based on Plaintiffs' breach of contract claim which Defendants allege was premised upon a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (Defs.' Rem. Not. at ¶ 5.) Defendants claim this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States (*Id.* at ¶ 4.) Because the federal law did not create the cause of action in Plaintiffs' Original Petition, and because Plaintiffs' right to relief is not predicated on resolution of a substantial question of federal law, this Court finds that it lacks subject matter jurisdiction to hear the case. Accordingly, Plaintiffs' Motion to Remand should be granted.

## **Analysis**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal courts have original jurisdiction over civil actions either through federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1332.

Federal question jurisdiction grants the district courts jurisdiction over actions which arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. In order to find federal question jurisdiction, the federal question must be asserted in the plaintiff's complaint as it stands at the time the notice of removal is filed. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326 (5th Cir. 1998). Federal question jurisdiction is most

frequently invoked when the federal law creates the cause of action. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 312 (2005). However, federal question jurisdiction has also been found in some state-law claims that present significant federal issues. *Id.* Nonetheless, the presence of a federal issue in a state cause of action, alone, does not automatically invoke federal question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 813 (1986). Instead, there are four factors to consider when determining if federal question jurisdiction exists: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP,* 538 F.3d 334, 338 (5th Cir. 2008) (citing *Grable & Sons Metal Prods., Inc.,* 545 U.S. at 314).

  Defendants argued in their Response to Plaintiffs' Motion to Remand that this Court has original jurisdiction over the action because Plaintiffs amended their petition to allege a separate cause of action under the FDCPA. (Defs.' Resp. to Pls.' Mot. to Remand at 4.) Defendants concede that Plaintiffs' Original Petition wasn't amended until after Defendants filed their Notice of Removal, and that the original petition filed by Plaintiffs did not allege a separate cause of action under the FDCPA. (*See id.* at 2.) When analyzing whether federal question jurisdiction exists, this Court must look at the face of the plaintiff's complaint as it stands at the time the notice of removal is filed. *See Metro Ford Truck Sales, Inc.,* 145 F.3d at 326. Plaintiffs filed their Original Petition on July 11, 2011. (Defs.' Resp. To Pls.' Mot. to Remand at 2.) Defendants filed their Notice of Removal on August 5, 2011. (*Id.*) Plaintiffs subsequently filed their First Amended Original Petition on August 23, 2011. Necessarily, this Court will only examine the Plaintiffs' Original Petition, which existed at the time the Defendants filed their

4

removal notice, to determine if federal question jurisdiction exists.

In *Grable & Sons,* a landowner sued a tax sale purchaser in state court for quiet title. 545 U.S. at 308. The landowner claimed that the IRS failed to give him adequate notice of sale. *Id.* The purchaser removed the case to federal court based on federal question jurisdiction because federal tax law was involved in interpreting the quiet title claim. *Id.* The Supreme Court found that federal question jurisdiction existed and removal was proper. *Id.* at 309. One year later, the Supreme Court explained its decision in *Grable,* stating that federal question jurisdiction was found because "[t]he dispute there centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as "substantial," and its resolution was both dispositive of the case and would be controlling in numerous other cases." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 700-01 (2006). The Court also cautioned that *Grable* was to be read narrowly and it illustrated only a slim category of cases. *Id.* at 681.

In *Empire,* a carrier for health insurance benefits for federal employees sued the estate of a former plan enrollee for reimbursement of insurance benefits. 547 U.S. 677. The carrier sued in federal court and sought reimbursement because the decedent had recovered damages in a state-court action for his injuries. *Id.* The Supreme Court found federal question jurisdiction to be lacking and distinguished it from *Grable.* The Court first noted that the civil action in *Grable* was triggered by the actions of a federal agency, whereas the suit in *Empire* was between private parties over a personal injury settlement that did not implicate a federal department or agency. *Id.* at 700. Additionally, the Court noted that *Grable* presented a question of law, interpreting a federal tax provision, while on the contrary, the issue in *Empire* was a question of fact. *Id.* at 700-01. Finally, the Court stated that significant federal interests were not implicated in

resolving an insurance contract dispute. *Id.* at 701. The Court in *Grable* explained that the federal government had a strong interest in interpreting the meaning of a federal tax law provision. 545 U.S. at 315.

The Court finds the federal issue presented here is not substantial and federal question jurisdiction is lacking just as in *Empire*. Here, Plaintiffs are suing their loan service providers for alleged breach of contract and violations of the Texas Debt Collection Act and the Deceptive Trade Practices Act. (Pls.' Orig. Pet. at 5-6.) Essentially, Plaintiffs allege Defendants breached their mortgage loan agreement by attempting to foreclose on their property, and made misrepresentations in collecting the debt and regarding their loan modification program. (*Id.*) In their breach of contract claim, Plaintiffs state that Defendants failed to validate the debt in violation of the FDCPA. (*Id.*) This lawsuit is between private parties and does not involve a federal department or agency. Its resolution involves interpreting the terms of a contract and two state law statutes, decisions which are unlikely to set a precedent on subsequent cases and do not necessarily require resolution of the federal issue. Moreover, the federal issue presented here is a question of fact: whether Defendants responded to Plaintiffs' request to validate the amount of their debt. Finally, this Court is not convinced that federal interests are so significant in resolving a mortgage loan dispute as to warrant turning this state action into a federal case.

The Court finds that federal question jurisdiction does not exist, and thus the court lacks subject matter jurisdiction over the action.[2]

---

[2] The Court does not have diversity jurisdiction because the parties are not completely diverse as required under 28 U.S.C. § 1332.

**Recommendation**

The Court finds that federal question jurisdiction is lacking and thus removal was improper under 28 U.S.C. § 1441(a). Therefore, the Court hereby recommends that Plaintiff's Motion to Remand be GRANTED and the case be remanded back to the 160th Judicial Court of Dallas County, Texas.

SO RECOMMENDED, November 15, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).